540 F.Supp. 503 (1982)
The OGLALA SIOUX TRIBE OF the PINE RIDGE INDIAN RESERVATION, Plaintiff,
v.
William HALLETT, In His Official Capacity as Commissioner of Indian Affairs; Cecil D. Andrus, In His Official Capacity as Secretary of the Interior; Forrest Gerard, In His Official Capacity as Assistant Secretary of the Interior for Indian Affairs; William Benjamin, In His Official Capacity as Acting Area Director of the Bureau of Indian Affairs for the Aberdeen Area; Anthony Whirlwind Horse, In His Official Capacity as Superintendent of Pine Ridge Agency; the United States of America, and Richard Tall, Defendants, and Marilyn Walker, Intervenor.
Civ. No. 79-5118.
United States District Court, D. South Dakota, W. D.
May 26, 1982.
*504 Mario Gonzalez, Pine Ridge, S. D., for plaintiff.
Philip N. Hogen, U. S. Atty., Sioux Falls, S. D., for Federal defendants.
Walter J. Bradsky, Rapid City, S. D., for defendant Richard Tall.
John T. Hughes, Morman, Smit, Shepard, Hughes & Wolsky, Sturgis, S. D., for intervenor Marilyn Walker.

MEMORANDUM OPINION
DONALD J. PORTER, District Judge.

CASE SUMMARY
This case presents the question of whether an Indian tribe, such as plaintiff, can require that its approval be given before the United States Secretary of the Interior can grant a fee patent to trust land held by a member of the tribe. The Court finds that the decision of whether or not a fee patent may issue is a matter wholly within the Secretary's discretion, and that a tribe may not hinder this decision by the creation of its own application process.

FACTUAL BACKGROUND
In 1976, defendant Tall, a member of the Oglala Sioux Tribe (Tribe) applied to the Bureau of Indian Affairs, United States Department of the Interior, for fee patents for three trust allotments held by Tall on the Pine Ridge Indian Reservation in South Dakota. This application was denied by the Superintendent of the Pine Ridge Agency on the basis of an Ordinance, No. 76-05, enacted by the Tribe. (The Ordinance is attached to this opinion as Exhibit A). This Ordinance, the Tribe claims, prohibits the issuance of fee patents or otherwise allowing trust lands to become alienated without the approval of the Tribe,[1] and defendant Tall has apparently made no effort to obtain the Tribe's consent.
Defendant Tall appealed the Superintendent's decision to the Director of the Aberdeen Area Office of the B.I.A., which reversed the Superintendent's decision and approved the application for the fee patents in May, 1978. The Tribe, which had not previously been directly involved in this matter, appealed the Area Director's decision to the Commissioner of Indian Affairs of the Department of the Interior. The Commissioner affirmed the Area Director, and the Tribe again appealed, this time to the Board of Indian Appeals. The Board again upheld the approval of Tall's applications on September 5, 1979, and as the Board's opinion indicates, this last decision became the final decision of the Department of the Interior.
The Tribe thereafter brought this action, seeking to halt the issuance of the fee patent to Tall until he had first made application to the Tribe, and also challenged the Secretary's determination that Tall was competent within the meaning of 25 CFR § 121.1(e) so that a fee patent might be issued to him. The Department of the Interior has voluntarily refrained from issuing a patent to Tall pending the outcome of this case.
Defendant-intervenor, Walker, also a member of the Tribe, applied for a fee patent in 1979, and her application was also denied by the Pine Ridge Superintendent on the basis of Ordinance No. 76-05. Walker instituted an administrative appeal, and the Area Director remanded her case to the Superintendent for reconsideration. The Superintendent again denied the application, but on grounds other than the Ordinance, and Walker again appealed. The Area Office has chosen to take no further action on her case until this action is concluded.

*505 DISCUSSION
Since plaintiff Tribe brought itself within the coverage of the 1934 Indian Reorganization Act (25 U.S.C. § 461 et seq.) (I.R.A.) the particular federal statute governing the issuance of fee patents on the Pine Ridge Reservation is 25 U.S.C. § 483. Sampson v. Andrus, 483 F.Supp. 240 (D.S.D. 1980). Section 483 states that:
The Secretary of the Interior, or his duly authorized representative, is hereby authorized in his discretion, and upon application of the Indian owners, to issue patents in fee, to remove restrictions against alienation, and to approve conveyances, with respect to lands or interests in lands held by individual Indians under the provisions of the [I.R.A.][2]
On the face of the statute, there is no requirement for tribal consent before a fee patent may be issued; the statute commits the decision wholly to the discretion of the Secretary or his authorized representative. Plaintiff has cited no authority indicating that any Indian tribe at any time has possessed any power to initially pass on a decision statutorily committed to the Secretary's discretion, and this Court perceives no basis for granting such power to plaintiff. Whatever the merits of plaintiff's policy of preserving its land base by seeking to keep all reservation land in trust, Congress has not directed the Secretary, in § 483, to defer to this policy when he decides whether to issue a fee patent to an individual Indian. The most that seems to have been required was the procedure set forth in 25 C.F.R. § 121.2, i.e., to refer the application to the Tribe to give it a chance to acquire the land. The record indicates that this was done in defendant Tall's case, but the Tribe took no action. Aside from this referral, though, the decision of whether a fee patent should issue was left to the Secretary's discretion, and there it must stay.[3]
Similar considerations lead this Court to reject plaintiff's contention that the Secretary's finding that Tall was "competent" within the meaning of 25 C.F.R. § 121.1(e)[4] was an abuse of discretion. First, it is by no means clear that 25 U.S.C. § 483 requires an explicit finding of competency before a fee patent can be issued to the Indian applicant. Section 483 itself makes no reference to "competency", as do the earlier statutes governing the issuance of fee patents which this Court held, in Sampson v. Andrus, supra, were inapplicable to I.R.A. tribes such as plaintiff. Second, even assuming that competency is required under § 483, this is another matter that has been wholly committed to the Secretary's discretion. While the applicant might be entitled to a limited judicial review of the Secretary's decision, see Oahe Conservancy Sub-District v. Alexander, 493 F.Supp. 1294, 1297 (D.S.D.1980), it is difficult to perceive what standing a third party like plaintiff has to question the Secretary's determination. Finally, it is clear from the administrative record that the Tribe never challenged defendant Tall's competency in the administrative proceedings, see 7 IBIA *506 at 204 ("Here, no one questions that Richard Tall, who has previously received patents in fee to former trust lands, satisfies the competency requirements set forth in 25 CFR 121.1(e).") The factual issue of whether Tall was competent within the meaning of certain regulations is certainly an issue best decided, at least initially, by the agency given responsibility to enforce those regulations, McKart v. United States, 395 U.S. 185, 187, 193-94, 89 S.Ct. 1657, 1659, 1662, 23 L.Ed.2d 194 (1969). Plaintiff evidently was given considerable opportunity to make any objection it wished to the issuance of fee patents to Tall, see 7 IBIA at 210, yet failed to do so. Plaintiff can therefore not now raise the issue of Tall's competency. Aircraft-Diesel Equipment Corporation v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947).[5]
Plaintiff also seems to argue that the issuance of a fee patent would "unlawfully remove" restrictions placed on at least a portion of Tall's land by Public Law 90-468, 82 Stat. 664. As reflected in the BIA title status report of the particular tract owned by Tall affected by this statute, the title is "subject to the condition that if the land is offered for sale ... [before February 7, 1983], the Oglala Sioux Tribe" shall have first option to buy the land. Plaintiff has cited nothing to indicate that this condition is effective only if the tract remains in trust, and the language of the statute itself, at Section 3(b)(3) makes it clear that the land need not be in trust for this provision to be effective.[6] This being so, the rights of the Tribe would remain unaffected by the issuance of a fee patent, and if Tall should wish to sell this land before February 7, 1983, he must still give the Tribe an opportunity to buy the land even if he holds it by fee patent. See United States v. Bruised Head, 248 F.Supp. 999 (D.Mont. 1966). The Tribe thus has no valid complaint in this regard.
Having found that each of plaintiff's contentions are without merit, the Court therefore concludes that summary judgment must be entered for defendants.[7]

EXHIBIT A

ORDINANCE OF THE OGLALA SIOUX TRIBAL COUNCIL OF THE OGLALA SIOUX TRIBE

(An Unincorporated Tribe)

LAND ACQUISITION ORDINANCE
WHEREAS Article IV, Section 1 (m) of the Constitution of the Oglala Sioux Tribe empowers the Tribal Council to protect and preserve the property and natural resources of the tribe and to regulate the use and disposition of property upon the reservation, and
WHEREAS Article IV, Section 1(n) of the Constitution of the Oglala Sioux Tribe empowers the Tribal Council to protect the general welfare of the tribe, and
WHEREAS the Oglala Sioux Tribal Council finds that the transfer of land on the Pine Ridge Indian Reservation from ownership by members of the Oglala Sioux Tribe to ownership by nonmembers has been detrimental to the Tribal economy and *507 destructive to the well-being of the residents of the Reservation, and
WHEREAS the Council further finds that it would be in the best interest of the Tribe for land available for purchase to be made available to members who now own little or no land, and
WHEREAS the Tribal Council therefore deems it to be beneficial to the general welfare of the Oglala Sioux Tribe that the sale of trust land be regulated.
NOW THEREFORE BE IT ORDAINED that the Oglala Sioux Tribal Council hereby adopt the following:

Individual Trust Land Acquisition Ordinance
Section 1. No trust land located within the exterior boundaries of the Pine Ridge Indian Reservation may be sold except to the Oglala Sioux Tribe or with the approval of the Oglala Sioux Tribe in accordance with the provisions of this Ordinance.
Section 2. Any member who wishes to sell trust land on the Pine Ridge Indian Reservation and any member wishing to buy such land shall, before submitting their application to the Bureau of Indian Affairs, apply to the Executive Committee for approval of the transaction.
Section 3. The Executive Committee shall deny approval of a sale transaction unless it finds that the purchaser
(a) is at least 18 years of age; and
(b) does not have landholdings which if added to the land to be purchased would result in the ownership by the purchaser of more than 1,280 acres;
(c) has not previously sold land which was once owned by him in trust to non-Indians, either by supervised sale or after obtaining a fee patent;
(d) agrees not to sell the land at any time to anyone other than the Oglala Sioux Tribe or a member thereof.
Section 4. The Executive Committee may disapprove any applications which meet the standards of Section 3, if it finds that the transaction would not be in the best interest of the Tribe. In such case the Executive Committee shall set forth the reasons for its decision.
Section 5. Any applicant who believes that the factual findings of the Executive Committee under Section 3 or the decision of the Executive Committee under Section 4 are wrong, may appeal the determination of the Executive Committee to the Tribal Council within thirty days from the date on which the applicant has been notified of the decision of the Executive Committee.
Section 6. No sales of trust land by members of the Oglala Sioux Tribe to non-members shall be approved.

CERTIFICATION
I, the undersigned as Secretary of the Oglala Sioux Tribal Council, do hereby certify that this Ordinance was adopted by the vote of 14 for; 2 against; during a Regular Session of the Oglala Sioux Tribal Council held on May 11, 1976.
 /s/ Bernadine Blue Bird
 for Frank S. StarrSecretary
 Oglala Sioux Tribal Council
ATTEST:
/s/ Albert W. Trimble
Albert W. TrimblePresident
Oglala Sioux Tribal Council
NOTES
[1] It should be noted that Ordinance No. 76-05 itself makes no mention of the issuance of fee patents by the Secretary, and seems to relate only to the sale of trust land. However, for the purposes of this decision, the Court will accept plaintiff's position that the Ordinance was meant to include issuance of fee patents within its coverage.
[2] Plaintiff claims that allotments on the Pine Ridge Reservation are not "held" under the I.R.A., but under the 1889 Allotment Act (25 Stat. 888). This contention is contrary to both the position impliedly taken by this Court in Sampson v. Andrus, supra, and the consistent administrative interpretation of § 483 by the Department of the Interior, see Administrative Appeal of Oglala Sioux Tribe v. Commissioner of Indian Affairs and Richard Tall, 7 IBIA 196, 202 n.9 (1979), ("§ 483 ... extends to all trust lands held by individual Indians whose tribe has accepted the IRA."), and must therefore be rejected.
[3] It also appears that Ordinance No. 76-05 is violative of Article X, Section 1 of the Oglala Sioux Tribe's Constitution, which states:

It is recognized that under existing law, the Secretary of the Interior may come, at his discretion, to remove restrictions upon such land, upon application by the Indian owner. ... The right of the individual Indian to hold or to part with his land, as under existing law, shall not be abrogated....
[4] "Competent" means the possession of sufficient ability, knowledge, experience, and judgment to enable an individual to manage his business affairs, including the administration, use, investment, and disposition of any property turned over to him and the income or proceeds therefrom, with such reasonable degree of prudence and wisdom as will be apt to prevent him from losing such property or the benefits thereof.
[5] Even were the Court to review the decision on Tall's competency, the Court is satisfied that there is sufficient proof in the administrative record to support the finding that Tall is competent within the meaning of the regulations, and this finding must therefore be upheld. 5 U.S.C. § 706.
[6] to the tract purchased shall be held in trust for the purchaser if it was held in trust status at the time the tract was acquired by the United States; otherwise, the title to the tract purchased shall be conveyed to the purchaser subject to a mortgage and such other security instruments as the Secretary deems appropriate. If a tract purchased under this subsection is offered for resale during the following ten-year period, the tribe must be given the first right to purchase it.
[7] The Court has expressly refrained from any mention of defendant-intervenor Walker in its discussion of this case. As noted earlier, the Pine Ridge Superintendent denied Walker's application on a ground other than Ordinance No. 76-05, and Walker's administrative appeal of this denial has not yet been completed. This Court is without jurisdiction to make any sort of decision on the merits of her application until the administrative process has run its course.